## Roy Beck v. The State.

### No. 5059.   Decided June 27, 1919.

**1.—Murder—Manslaughter—Self-Defense—Charge of Court.**

Where, upon trial of murder, and a conviction of manslaughter, the evidence showed that the defendant was making an assault upon the deceased before the latter made any demonstration, and that he intended to kill him because of the insulting conduct toward his wife, there was no reversible error in the court's failure and refusal to charge on self-defense. Following Doss v. State, 43 Texas Crim. Rep., 552, and other cases.

**2.—Same—Evidence—Cross-Examination.**

Where, in the light of the qualification to the bill of exceptions complaining of the unauthorized cross-examination of the defendant's wife, no error was disclosed, nor in the cross-examination of another witness, there was no reversible error.

**3.—Same—Evidence—Declaration and Acts of the Deceased—Uncommunicated Threats.**

In the absence of the issue of self-defense, uncommunicated threats are unimportant, and there was no error to refuse a continuance for testimony as to an admission by the deceased of misconduct toward the wife of the defendant and threats against him, as this was not denied.

**4.—Same—Evidence—Declarations of the Deceased.**

The declarations of the deceased admitting insulting conduct toward defendant's wife made to others, was mere hearsay, as were specific acts going to his discredit which were unknown to the defendant. Following Jones v. State, 38 Texas Crim. Rep., 104, besides, the testimony was merely cumulative.

**5.—Same—Self-Defense—Charge of Court—Burden of Proof—Rule Stated.**

Where the right to a charge on the law of self-defense is not challenged, the burden of proof is on the State, and a charge should be submitted to that effect, but in the instant case the facts do not raise the issue of self-defense, and the evidence in its most favorable light shows that the appellant was guilty of manslaughter, and the court correctly refused to charge on the law of self-defense. Following Peck v. State, 5 Texas Crim. App., 611. Distinguishing Wood v. State, 211 S. W. Rep., 782, and other cases.

Appeal from the District Court of Van Zandt.   Tried below before the Hon. Joel R. Bond.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Wynne, Wynne & Gilmore, for appellant.*—On question of cross-examination of wife; Jones v. State, 38 Texas Crim. Rep., 104; Hobbs v. State, 53 id., 71; Stewart v. State, 52 id., 100; Young v. State, 59 Texas Crim. Rep., 137, 127 S. W. Rep., 1058; Johnson v. State, 63 Texas Crim. Rep., 50, 138 S. W. Rep., 1021;

On question of refusing continuance: Dewberry v. State, 74 S. W. Rep., 307; Ware v. State, 49 Texas Crim. Rep., 413; Hardin v. State, 52 id., 238.

On question of uncommunicated threats and self-defense: Duke v. State, 61 Texas Crim. Rep., 19, 133 S. W. Rep., 432; Pratt v. State, 50 Texas Crim. Rep., 227.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was indicted for murder and convicted of manslaughter.

The homicide took place in the house of H. H. Smith, and in a room in which Smith was confined to his bed on account of an injury. The deceased, Albert Kindle, was a visitor at his house and immediately before the homicide was sitting astride a chair with his face to the back of it, reading to Smith.

The State's witnesses gave testimony to the effect that the appellant stepped into the door of the room in which the deceased was sitting and holding a shotgun commanded deceased to throw up his hands, firing almost immediately after making this remark. Smith said that when the appellant said throw up your hands," Kindle said: "Do you mean me;" that Kindle was at the time raising up or starting to raise up and turned the book which he had in his hand, and his hands were on the posts of the chair. Appellant was about eight feet away, firing one shot. After the shot was fired appellant raised the jumper of deceased and said: "Take that gun off of him;" and in reply to a question said that he killed him in self-defense and about lies that deceased had been telling on him. The officers arriving after the homicide found a pistol on the deceased. Appellant's wife testified that about a month prior to the homicide the deceased had made an indecent proposal to her which she had related to her husband for the first time on the night preceding the homicide. Appellant claims to have been agitated by this information, and said that on the following morning he borrowed a shotgun and shells and taking them with him went into his field which was in the vicinity of Smith's house. We quote from him as follows: "I was expecting to take my gun with me from then on. I knew that Kindle went armed but did not know he was at Smith's house until I stepped in the door." He claimed to have gone to Smith's house to get a drink of water, after obtaining which, he went into the door, and quoting from him again: "Mr. Kindle was sitting in the house back to the left and was facing the door. When I saw him I just told him to throw his hands up and I threw my gun in a position to shoot. He made a pass to get up and he got just about straight and was running his hand in his pocket and I threw my gun on him and said

'look out' and he never said a thing and kept on and I saw the handle of his pistol in his pocket. I saw he was going to get out his gun and I shot him." He said that when he got the gun he intended to keep it until he saw Kindle, and said: "As quick as I saw him I told him to throw his hands up and march out and we would settle it. I can't exactly remember what he said, but I never shot him until he straightened up and started to pull his gun out of his pocket, and I saw the handle and movement of the gun and my best recollection is, I said 'look out, don't do that.' when I got the gun I got it for the purpose of killing him because of the insult to my wife, and I killed him because he insulted my wife." A child was born to the wife of deceased about a year before the homicide, and there was evidence that deceased claimed appellant was its father, and threatened to kill appellant.

We do not think that the court was in error in refusing to charge the jury on the law of self-defense. He was making an assault upon the deceased before the latter made any demonstration, according to the admitted facts. He says that when he made the assault and when he got the gun he intended to kill deceased because of the insulting conduct toward his wife. Accepting his statement as true, that he did not fire until he saw the deceased was getting his pistol from his pocket, the demonstration by the deceased was in response to the assault which the appellant was making. Even if he presented the shotgun without the intent to kill the deceased his conduct was such as to provoke the deceased and to bring on the occasion for a difficulty, and being so intended, and calculated to bring about that result it could not reduce the offense below the grade of manslaughter. In Doss v. State, 43 Texas Crim. Rep., 552 the evidence was similar and the legal propositions the same. From it we quote the language of Judge Davidson, in writing the opinion:

"As before stated, the only inducement shown by the testimony was the insulting conduct to the wife of appellant as she detailed it to him. The intent and purpose of appellant in following deceased was to kill him.' There was no condition coupled with his purpose as manifested in the record. Every act of the defendant was to the same effect. He had his pistol in his hand ready; he approached deceased in a rapid manner, and for the express purpose of killing him. It was not for the purpose of inquiring of him about the matter, but alone for the purpose of killing. His actions, as well as his intent were coupled together, and showed the evident intent and purpose of destroying the life of deceased on account of the insulting conduct towards his wife. He provoked the difficulty, produced the occasion. His intent and purpose, viewed from his own standpoint, was to kill, and he had no other purpose, so far as this record is concerned. This eliminates the question of self-defense."

Other cases rejecting the theory of self-defense on similar facts are Smart v. State, 101 S. W. Rep., 990; Laws v. State, 101 S. W. Rep., 987; Melton v. State, 24 Texas Crim. Rep., 59; Thum v. State, 24 Texas Crim. Rep., 703.

In the light of the qualification attached by the trial judge, to the bill of exceptions complaining of the unauthorized cross-examination of the wife of appellant, no error is disclosed; and the bill relating to the cross-examination of the witness Boyette fails to set out the conversation or to show its relation to the record. We have made an examination of the entire testimony of the witness and discern nothing therein which renders it subject to criticism.

The appellant complains of the refusal to continue for the procuring of statements imputed to the deceased. The absent witness, it is alleged, would have testified to an admission by the deceased of misconduct towards the wife of appellant and would have further testified to threats against the appellant. The admission mentioned, would not be material unless communicated to appellant, of which there is no suggestion in the bill. The declaration of misconduct was not available to prove the fact. Wharton's Crim. Ev., vol. 1, p. 451, sec. 225, and the absence of the issue of self-defense render the uncommunicated threats unimportant. Wharton on Homicide, p. 401, Sec. 220, Branch An. Tex. P. C., sec. 2079. Another bill to the exclusion of similar testimony, for the same reasons presents no error. There was no evidence that deceased denied insulting appellant's wife, and his declarations of like conduct to others was hearsay and an effort to discredit his character by proof of specific acts unknown to appellant. See Jones v. State, 38 Texas Crim. Rep., 104.

Even if the proffered declarations of the deceased concerning his conduct towards the wife of appellant and her sister had been admissible, they would have been cumulative of testimony of several witnesses and their bearing would have been alone upon the question as to whether appellant's offense, if unlawful, should be reduced to manslaughter, upon which issue the jury found in his favor. Their exclusion under the circumstances would not be regarded as reversible error.

The judgment of the lower court is affirmed.

*Affirmed.*

### ON REHEARING.

### June 27, 1919.

MORROW, JUDGE.—Referring to the case of Wood v. State, 211 S. W. Rep., 782, the appellant insists that the former action of the

court is erroneous. In that case the court says: "the burden is not on the defendant but on the State to show criminality." The case was one in which the issue of self-defense was clearly raised. There was a fight in which Wood was severely injured. His right to a charge on the law of self-defense was not challenged either in this or in the trial court. Having a right to a charge upon that defensive theory, it was·proper that the court's charge be so framed that the burden would remain with the State to prove an unlawful homicide, and in deciding the case the conclusion was expressed that this principle was not observed. In the instant case the facts did not raise the issue of self-defense. He determined to kill the deceased. He armed himself with a shotgun for that purpose and on seeing him he presented the shotgun in a shooting attitude and by words indicated a hostile intent. The appellant's intent being to kill and his conduct such that it was reasonably calculated to cause the deceased to make a counter-demonstration, the appellant had no right to make the demonstration so induced the excuse for a death blow to the deceased. In its most favorable light to him the evidence showed the appellant was guilty of man-slaughter. The court correctly refused to charge the law of self-defense because there was no evidence which raised that issue See Peck v. State, 5 Texas Crim. App., 611, and other cases listed on page 1110, Branch's An. Texas P. C., supporting the proposition that in the absence of evidence of self-defense the court is not in error in refusing to charge thereon. The cases of Smart v. State, 101 S. W. Rep., 990, Melton v. State, 24 Texas Crim. App. '59 and Thumm v. State, 24 Texas Crim. App., 703, are fact cases in which the refusal of the court to charge on self-defense was ap-proved, and are cases in which the question of insulting conduct to the wife of the accused was not involved.

The facts of this case are not to be distinguished, in our opinion, from those in Doss v. State, 43 Texas Crim. Rep., 552, and under the principle there laid down, assuming that all of the issues raised by the evidence were decided in appellant's favor, the result would have been merely to mitigate his offense and make it manslaughter.

The motion is overruled.

*Overruled.*